UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SILAS L. JAMES,

    Plaintiff,

        v.                     CAUSE NO. 3:22-CV-49-RLM-MGG

WELLPATH,

    Defendant.

OPINION AND ORDER

Silas L. James, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. James alleges that on January 7, 2022, or in the early morning of January 8, 2022, he told Nurse Jessica, who is employed by Wellpath Medical, that he had chest pain, a fever, and "blood pressure issues." ECF 8 at 2. Mr. James asked Nurse Jessica to take his vitals. She told him that he needed to fill out a healthcare request form, but that she was out of the forms. She also said she would send for Mr. James later. An hour later, Mr. James pushed the button for jail staff to contact the medical

department, because he had lost his sense of smell and taste and his chest hurt more. He asked again to see medical around 4:45 a.m., and he was told he needed to wait until 9:00 a.m. or 10:00 a.m. because they were busy. He asked another Wellpath Medical employee, Jarrad A. Millard, to take his vitals. Mr. Millard said he would take them when he was done passing out medications. Mr. James tried to stop Mr. Millard when he was done, but Mr. Millard ignored Mr. James and continued toward the exit. Mr. Millard returned to take Mr. James's vitals around 1:30 p.m.. His vitals were "serious," and he was moved to the medical department, where he later tested positive for Covid-19. ECF 8 at 3. Mr. James seeks monetary damages, although it is unclear how he was harmed by the alleged delay in checking his vitals.

Because Mr. James is a pretrial detainee, "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." Miranda v. Cnty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." McCann v. Ogle Cnty., 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Mr. James has sued Nurse Jessica. He alleges only that Nurse Jessica refused to take his vitals when he stopped her, didn't have a medical request form, said she

2

would send for him later but didn't send for him in a timespan that he found acceptable. Mr. James admits that his vitals were checked around 1:30 p.m. It appears that he first complained of symptoms of Covid-19 late on the night of January 7 or early on the morning of the January 8. He was assessed at 1:30 p.m. on January 8. While Mr. James would have preferred to receive immediate medical attention, the amended complaint doesn't include facts from which it can be plausibly inferred that Nurse Jessica's actions were unreasonable under the circumstances. Mr. James hasn't stated a claim upon which relief can be granted against Nurse Jessica.

Mr. James has also sued Jarrad A. Millard. He alleges only that he asked Mr. Millard to take his vitals around 10:00 a.m., that Mr. Millard said he would take his vitals when done with med pass, and that Mr. Millard didn't return to take his vitals until around 1:30 p.m. It can't be plausibly inferred that this was unreasonable under the circumstances. Mr. James hasn't stated a claim upon which relief can be granted against Mr. Millard.

Mr. James also named Wellpath Medical as a defendant. A "private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008). Because Mr. James's allegations against Wellpath Medical are based only on the decisions that its staff made in connection with his care, Mr. James can't proceed against Wellpath Medical.

This complaint doesn't state a claim for which relief can be granted. Mr. James can file another amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard

in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to complete the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form provided by the clerk. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Silas L. James;

(2) GRANTS Silas L. James until **June 7, 2022**, to file an amended complaint; and

(3) CAUTIONS Mr. James that, if he doesn't respond by that deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 12, 2022

> s/ Robert L. Miller, Jr.
> JUDGE
> UNITED STATES DISTRICT COURT